UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARONE HUBERT and ETIENNE HUBERT ) | |
| ) | |
| Plaintiffs, ) | CASE NO.:3:14-cv-00476 (VAB) |
| v. ) | |
| STATE OF CONNECTICUT DEPARTMENT ) OF CORRECTIONS, CAPTAIN KYLE GODDING, in his personal and official capacities, DEPUTY ) WARDEN MICHAEL DAVIS, in his personal and official capacities, CORRECTIONS OFFICER, ) KEVIN CURRY, in his personal and official Capacities, LIEUTENENAT AUSTIN is sued in his ) personal and official capacities; LIEUTENANT COLLENDER is sued in his individual as well as his ) official capacities ) | MEMORANDUM OF LAW REQUESTING CONSOLIDATION OF CASES

November 10, 2017 |
| Defendants. ) | |

---And---

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARONE HUBERT and ETIENNE HUBERT | Civil Case No.:3:17-cv-248 (VAB) |
| Plaintiffs, | |
| v. | |
| STATE OF CONNECTICUT DEPARTMENT OF CORRECTIONS, CAPTAIN KYLE GODDING, in his Personal and in his Official capacities, DEPUTY WARDEN MICHAEL DAVIS, in his Personal and in his Official capacities, C/O KEVIN CURRY, in his Personal and in his Official capacities LIEUTENANT CICERO CALLENDER in his Personal and in his Official capacities, | MEMORANDUM OF LAW REQUESTING CONSOLIDATION OF CASES<br><br>November 10, 2017 |
| Defendants. | |

## A. INTRODUCTION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Sharone Hubert and Etienne Hubert in the matters of *Hubert, et al., v. The State of Connecticut Department of Correction, et al,. Civil Case Number 3: 14-cv-00476 (VAB)* (hereinafter referred to as *Hubert I*), and *Hubert, et al., v. The State of Connecticut Department of Correction, et al,. Civil Case Number 3: 17-cv-00248 (VAB)* (hereinafter referred to as *Hubert II*) respectfully request that the Court consolidate the above captioned cases with respect to the Defendants Motion for Dismissal (*Hubert II*), and Motion for Summary Judgment in *Hubert I*. Consolidating these actions will provide the Court as well as the parties the benefits of consolidation- such as avoiding unnecessary costs and duplicative efforts, while ensuring that a decision on whether to

consolidate these cases for trial is based on the present state of the cases, and the present state of the evidence.

There are no materially factual differences currently existing between both cases that weigh in favor of continuing both matters separately. To be sure, the facts are identical; the Plaintiff's legal theories are identical, the parties are the same, absent Defendant Austin from *Hubert II*; although discovery is complete in *Hubert I*, *Hubert II* requires minimal discovery, if any; consolidation will spare both parties additional expense, delay, confusion, and prejudice. In short, since all discovery is complete in *Hubert I*, the fact that both cases are proceeding on the same legal theories, and the fact that all of the documents used in, and garnered in *Hubert I*, are wholly applicable in *Hubert II*, both cases are ideal for consolidation.

### B. BACKGROUND AND PROCEDURAL POSTURE

The Plaintiffs filed their initial complaint and amended their complaint in *Hubert, et al., v. The State of Connecticut Department of Correction, et al,. Civil Case Number 3: 14-cv-00476 (VAB)---Hubert I)*, on April 4, 2014 and October 10, 2014 respectively. **(*Hubert I* Ct. Docs. # 1 and # 10)** Thereafter, the defendants moved to dismiss the Plaintiffs' complaint on February 6, 2015 ***Hubert I* (Ct. Docs. # 1 (Ct. Docs. # 28),** and the Court decided the attendant issues in the defendant's Motion to Dismiss arising from *Hubert I* on February 22, 2016. **(*Hubert I* Ct. Docs. # 1 Ct. Doc # 67)** In that decision, the Court found that the individual defendants were not properly served in their individual capacities (defendants Godding, Davis, Austin, Curry, and Collender). This case then proceeded to discovery, which was completed in or around January 2017.

As a result, the Plaintiffs refiled their case pursuant to Connecticut General Statute § 52-592, *Hubert, et al., v. The State of Connecticut Department of Correction, et al,. Civil Case Number 3: 17-cv-00248 (VAB)(Hubert II)* against the State of Connecticut Department of Correction, and more particularly against the individual defendants, absent Defendant Austin, one of the five defendants named in *Hubert, et al., v. The State of Connecticut Department of Correction, et al,. Civil Case Number 3: 14-cv-00476 (VAB)---Hubert I.* (**Hubert I Ct. Docs. # 1**) On April 21, 2017, the parties prepared and filed their joint Rule 26f report to the Court. (**Hubert II Ct. Docs. # 17**) In that report, the parties agreed that "because discovery has been conducted on the merits in the companion case, the parties anticipate that only limited additional discovery will be needed on all of the plaintiffs' claims, all of the affirmative allegations of the defense, prior history of the parties, and damages . . . ." (***Hubert II* Ct. Docs. # 17, DISCOVERY at P 6---7**)

The amended complaint in *Hubert II* incorporates by reference the exhibits (various text messages and pictures of the defendants erect and exposed penises that they admittedly sent to the Plaintiff, Sharone Hubert) from *Hubert I,* in addition to all deposition testimonies (Sharone Hubert, Godding, Davis, Collender, and Curry) that were produced in *Hubert I.* (***Hubert II* Ct. Docs. # 15**)

## C. ARGUMENT

### i. Consolidation Would Provide Judicial Economy, Fairness to the Parties, and Avoidance of Confusion, Prejudice, and Delay.

Considering the parties' positions, and the absence of differences between the two suits, the above cases should be consolidated. Pursuant to Rule 42(a), the Court has considerable discretion with respect to how to consolidate cases. Fed. R. Civ. P. 42(a). Additionally, the rule provides in pertinent parts that When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any and all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed.R.Civ.P. 42(a).

One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results. Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A., 527 F.2d 966 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976); Columbia Broadcasting System, Inc. v. American Recording and Broadcasting Assoc., 293 F.Supp. 1400 (S.D.N.Y.1968), *aff'd,* 414 F.2d 1326 (2d Cir.1969). The Supreme Court observed that "consolidation . . . does not change the rights of the parties or make those who are parties in one suit, parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). Thus as noted in Quintel Corp., N.V. v. Citibank, N.A., 100 F.R.D. 695, 697 (S.D.N.Y.1983), the possibility of confusion resulting from consolidation is usually no greater than that faced by parties in many multi-defendant, multi-count trials. Rather the actions retain their separate identity. Zdanok v. Glidden Co., 327 F.2d 944 (2d Cir.1964), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964). It is the mandate of a district judge to insure that a trial of consolidated actions is conducted in a manner not prejudicial to any of the parties. New England Mutual Life Insurance Co. v. Brandenburg, 8 F.R.D. 151, 155 (D.C.N.Y.1948). A district judge is

5

also specifically authorized pursuant to Rule 42(a) to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a).

Consolidation pursuant to Rule 42(a) is a well-established method of promoting judicial economy and convenience in cases where common issues of law or fact exist with respect to two actions. "[C]onsiderations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." Ikerd v. Lapworth, 435 F.2d 197, 204 (7th Cir.1970) See Waldman v. Electrospace Corp., 68 F.R.D. 281, 283–84 (S.D.N.Y.1975); Masterson v. Atherton, 223 F.Supp. 407 (D.Conn., 1963), *aff'd*, 328 F.2d 106 (2d Cir. 1964). In order to determine the appropriateness of consolidation, however, a court must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation. Katz v. Realty Equities Corp., 521 F.2d 1354, 1362 (2d Cir.1975). Vaccaro v. Moore–McCormack Lines, Inc., 64 F.R.D. 395, 397 (S.D.N.Y.1974). The party seeking consolidation bears the burden of proving that the interest of judicial economy is outweighed by the possibility of prejudice or delay. Katsaros v. Cody, 744 F.2d 270 (2d Cir.), cert. denied, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

The threshold question in invoking Rule 42(a) is whether common questions of law or fact exist that warrant consolidation of the actions. Plaintiff asserts that both actions are identical in all respects. The crux of both cases are the charges of sexual assault that has been levelled against the individual defendants in *Hubert II,* as against *Hubert I.* Both cases complain of sexual assault by the same defendants, sexual harassment by the same defendants, retaliation by the same defendants, harassment, retaliation, gender discrimination, and race and color discrimination, and resulting damages arising from each

Judicial economy and the need to avoid confusion, prejudice, delay, and the equally important avoidance of potentially damaging application of Res Judicata, and Collateral Estoppel

that may attend the Plaintiffs' cases. The facts of these cases make clear that both actions in the instant cases share the same issues of fact and law that are central to the fair resolution of both claims arising from *Hubert I and Hubert II*.

Both *Hubert I and Hubert II* were commenced to address the culture of sexual assaults and discrimination that existed at the State of Connecticut Department of Correction (hereinafter DOC), where the Plaintiffs were employed, and the unlawful conduct of the individual defendants, as facilitated by the DOC. Both cases also allege that these unlawful conducts began and continued well past a decade. Therefore, both *Hubert I and Hubert II* are inextricably linked to the assaultive and discriminatory conducts of the various individual defendants and the DOC in both cases.

The Plaintiff asserts the Court should scrutinize the conduct of the individual, defendants in both cases with respect to the issues of sexual assault, harassment, sexual harassment, race, color, sex discrimination, retaliation, and hostile work environment. The Court will find that the ultimate defenses raised by defendants in both actions are based on the same set of facts and law.

Plaintiff contends that since both cases involve similar questions of law and fact, consolidation of the two actions would yield the best result, thereby serving to avoid confusion and prejudice to the parties as both actions are based on the same facts, involve the same defendants, and are based on the same core theories of recovery (i.e., sexual harassment, sexual assault, and race, sex discrimination, retaliation, and hostile work environment.

### ii. Separate Decisions on the Plaintiffs' Claims and Issues Would Cause Res Judicata and Collateral Estoppel to Attach.

"The doctrine of ... claim preclusion holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 284 (2d Cir.2000) (internal quotation marks omitted). Otherwise known as res judicata, claim preclusion bars a subsequent action—involving either the same plaintiffs or parties in privity with those plaintiffs—from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits. Bank of New York v. First Millennium, Inc., 607 F.3d 905, 918 (2d Cir. 2010) and Allen v. McCurry, 449 U.S. 90, 94, (1980).

In contrast, issue preclusion, also known as collateral estoppel, bars a plaintiff from relitigating an issue that has already been fully and fairly litigated in a prior proceeding. Bank of New York, 607 at 918 and Purdy v. Zeldes, 337 F.3d 253, 258 (2d Cir.2003). Issue preclusion applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir.2006) (internal quotation marks omitted).

Although collateral estoppel precludes a Plaintiff from relitigating factual issues . . . [it] does not bar a court from considering . . . shared elements. Sinisgallo v. Town of Islip Housing Authority, 865 F. Supp. 2d 307 (2012). Where an administrative hearing is devoid of any evidence or issue of retaliation being litigated, and necessarily decided, collateral estoppel did not bar a Plaintiff's retaliation claim. Senno v. Elmsford Union Free School District, 812 F. Supp. 2d 454 (2011).

Res Judicata and Collateral Estopple would harm the Plaintiffs' case. In the present cases, the Plaintiff's claims may be precluded, if the Court ruled against the Plaintiffs issues and claims in *Hubert I* on the basis that a decision on Summary Judgment, prior to the deciding the Defendants' Motion to Dismiss may render some issues as "fairly and fully litigated" despite the fact that some issues may have shared elements.

### D. **CONCLUSION**

For the foregoing reasons, the Court must grant the Plaintiffs' Motion for Consolidation.

**FOR THE PLAINTIFF,**

Dated: November 10, 2017        BY_____/S/_____
                                Richard C. Gordon, Esq.,
                                91 Westbourne Parkway
                                Hartford, CT 06112
                                Fed Bar No.: ct27288
                                (860) 534-0547
                                (860) 761-8533 FAX
                                Email: rcgordonlaw@Gmail.com

## CERTIFICATION OF SERVICE

The undersigned counsel certifies that a copy of the foregoing Motion for Consolidation and Memorandum of law in support will be filed on the Court's Electronic filing system on or immediately after November 11, 2017.

**To:** Office of the Attorney General
Attn: Ann Lynch, Asst. Atty. Gen.
Erik Lohr, Asst. Atty. Gen.
55 Elm Street-P.O. Box 120
Hartford, CT 06141-120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail: Ann.Lynch@ct.gov
E-Mail: Erik.Lohr@ct.gov

**FOR THE PLAINTIFF,**

Dated: November 10, 2017        BY_____/S/_____
Richard C. Gordon, Esq.,
91 Westbourne Parkway
Hartford, CT 06112
Fed Bar No.: ct27288
(860) 534-0547
(860) 761-8533 FAX
Email: rcgordonlaw@Gmail.com