UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARONE HUBERT,
    *Plaintiff*,

v.

DEPARTMENT OF CORRECTIONS *et al.*,
    *Defendants*.

No. 3:17-cv-00248 (VAB)

**RULING AND ORDER ON PLAINTIFF'S**
***NUNC PRO TUNC* MOTION FOR RECONSIDERATION**

Sharone Hubert ("Plaintiff") has sued Cicero Callender ("Defendant"), a lieutenant with the Connecticut Department of Correction ("DOC"), under 42 U.S.C. § 1983 alleging discrimination on the basis of her sex in violation of the Fourteenth Amendment's Equal Protection Clause.

Plaintiff moves, *nunc pro tunc*, for reconsideration of the Court's March 30, 2018 Order, granting in part and denying in part Defendant's motion to dismiss.

For the reasons that follow, the Court **VACATES** its May 10, 2018, Order, ECF No. 43, and **DENIES** the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Ms. Hubert is an African-American woman, and she alleges that she endured sexual harassment, sexual assault, and race- and gender-based discrimination while she worked at DOC. Compl. ¶ 34. The Court will discuss additional facts as necessary for the resolution of this motion.

1

### B. Procedural Background

On February 16, 2017, Ms. Hubert sued the Department of Corrections, Kyle Godding, Michael Davis, Kevin Curry, and Cicero Callender (collectively "Defendants"), who are all DOC employees and officials. This case is the second in a pair of related cases brought by Ms. Hubert.

In the first, *Hubert v. Connecticut Dep't of Correction* ("*Hubert I*"), the Court dismissed all claims against Defendants Davis, Godding, Curry, and Callender for lack of personal jurisdiction. No. 14-cv-00476 (VAB), 2016 WL 706166, at *11 (D. Conn. Feb. 22, 2016).[1]

Ms. Hubert filed this second lawsuit on February 16, 2017, re-asserting claims against the Department of Correction, Kyle Godding, Michael Davis, Kevin Curry, and Cicero Callender in their individual capacities. *Hubert v. Corrections, et al.*, No. 3:17-cv-248 ("*Hubert II*"), Compl., ECF No. 1. Ms. Hubert argued that the Court had federal question jurisdiction over the case because she brought claims under 42 U.S.C. §§ 1981, 1983, and 1988, and under Connecticut General Statute § 52-592, a savings provision for accidental failure of suit. Am. Compl. ¶ 2, ECF No. 15.

Defendants moved to dismiss this case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 20. In relevant part, Defendants asserted that most of Ms. Hubert's claims were barred by a three-year statute of limitations, and that the alleged incidents that occurred after February 2014 fail to state a claim upon which relief can be granted. Defendants' motion to dismiss was denied as to Count Three against Mr. Callender, and was granted as to all other counts.

---

[1] The Court granted a motion for summary judgment entered in Defendants' favor. No. 3:14-cv-476 (VAB), 2018 WL 1582508, at *27 (D. Conn. Mar. 30, 2018).

After twice seeking an extension of time, Ms. Hubert moved, *nunc pro tunc*, for reconsideration of the Court's ruling on Defendant's motion to dismiss. ECF No. 42. The Court erred in granting the motion, ECF No. 41, without consideration of Defendants' timely filed opposition, ECF No. 49, and now, *sua sponte*, vacates the Order and addresses Ms. Hubert's motion.

## II. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## III. DISCUSSION

Ms. Hubert argues that she plausibly alleged a continuing course of conduct and therefore the applicable statute of limitations has not run on her claims against Defendants Godding, Davis, and Curry. Accordingly, she argues, the Court, upon reconsideration, should reinstate these claims. The Court disagrees.

### A. Timeliness

As a preliminary matter, Ms. Hubert's request for relief is untimely. A motion for reconsideration must be filed within seven days of the filing of the order from which such relief is sought. D. Conn. L. Civ. R. 7(c)(1). Ms. Hubert twice moved for an extension of time to move for reconsideration. Granting both motions, the Court set a deadline of May 2, 2018. Ms. Hubert filed her motion for reconsideration six days after the deadline and therefore it is late. Ms. Hubert's pending motion makes no mention of this missed deadline, other than moving *nunc pro tunc*, and fails to demonstrate good cause for why the Court should accept Ms. Hubert's late filing.

"The Local Rules are not merely the hopes, dreams, or suggestions of this [C]ourt; they make up the framework within which cases are decided in this district." *Am. Lines, LLC v. CIC Ins. Co., A.V.V., S.A.*, No. 3:03-cv-1891 (JCH), 2004 WL 2381717, at *7 (D. Conn. Sept. 30, 2004). As Plaintiff's motion for reconsideration is late, it is denied. *See, e.g.*, *Brown v. Tuttle*, No. 3:13-cv-1444 (VAB), 2015 WL 4546092, at *2 (D. Conn. July 28, 2015) (denying a motion for reconsideration as untimely); *Edwards v. Arnone*, No. 3:11-cv-1537 (AVC), 2012 WL 879235, at *1 (D. Conn. Mar. 13, 2012) (same).

Even were the Court to consider further Ms. Hubert's motion, it fails to meet the Second Circuit's strict standard for reconsideration. *See Shrader*, 70 F.3d at 257.

### B. Continuing Violation

Ms. Hubert's continuing violation argument fails to present a compelling reason for reconsideration.

"[A] continuing violation may be found 'where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to

a discriminatory policy or practice.'" *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (citation omitted). Discrete acts of discrimination cannot constitute a continuing course of conduct. *Miner v. Town of Cheshire*, 126 F. Supp. 2d 184, 190 (D. Conn 2000) (citations omitted). To qualify, the events in question need not be related to a formal policy but also cannot be "isolated" or "sporadic" and must constitute a "dogged pattern." *Valenti v. Carten Controls, Inc.*, No. CIV. 3:94-cv-1769 AHN, 1997 WL 766854, at *5 (D. Conn. Dec. 4, 1997) (citation and internal quotation marks omitted); *see also Fitzgerald*, 251 F.3d at 362.

Ms. Hubert's argument lacks merit for at least four reasons. First, she failed to raise the argument in opposition to Defendants' motion to dismiss.[2] Ms. Hubert's failure to advance an argument that she could have advanced, even if the argument was "inadvertently neglected" is not a sufficient basis to grant this motion. *Koehler v. Bank of Bermuda Ltd.*, No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005)); *accord Freeman v. United States*, No. 3:15-cv-

---

[2] Ms. Hubert appears to confuse the doctrine of continuing violation, asserted here, with the analytically distinct doctrine of equitable tolling, *see compare* Pl.'s Opp'n to Mot. to Dismiss at 11, ECF No. 23 (setting out the rule for equitable tolling) *with* Mot. for Recon. at 2 ("[T]he Court should find that the statute of limitations did not expire as to Defendants Godding, Davis, and Curry who continued to sexually harass the plaintiff into late 2014."), which Ms. Hubert ostensibly raised in opposition to Defendant's motion to dismiss but fails to raise here.

To the extent that Ms. Hubert asks the Court to reconsider her equitable tolling argument, the Court declines to do so. "Equitable tolling principles have been applied where the plaintiff 'actively pursued judicial remedies' but filed a defective pleading during the specified time period." *Brown v. Parkchester S. Condominiums*, 287 F.3d 58, 60 (2d Cir. 2002) (citing *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 11–12 (2d Cir. 1994)). Ms. Hubert asserts that she "feared retaliation and she feared for her life." Pl.'s Mot. for Recon. at 6. Ms. Hubert, however, has failed to allege sufficient factual detail to show how her fear of retribution and fear for her person are probative of her failure to timely seek judicial relief for the alleged harms she has suffered. Accordingly, Ms. Hubert has not alleged facts sufficient to support her theory of equitable tolling. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

594 (AWT), 2016 WL 10405918, at *2 (D. Conn. Aug. 17, 2016) (noting that arguments raised for the first time on a motion for reconsideration may be rejected as untimely (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115–16 (2d Cir. 2001))). Thus, the Court did not overlook an argument raised by Ms. Hubert.

Second, Ms. Hubert cites not a single authority, binding or persuasive, requiring the Court to reconsider its ruling. *See* D. Conn. L. Civ. R. 7(c)(1) ("[A motion for reconsideration] will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."); *see, e.g.*, *Delgado v. City of Stamford*, No. 3:11-cv-01735 (VAB), 2016 WL 81786, at *1 (D. Conn. Jan. 7, 2016) (disregarding the defendant's argument in part because the plaintiff cited no controlling authority requiring reconsideration).

Third, without any support, Ms. Hubert asserts: "Because the unlawful conduct of all the defendants continued into late 2014, the Court should reverse itself and add defendants Davis, Curry and Godding as defendants." Pl.'s Mot. for Recon. at 6; *see also* Pl.'s Opp'n to Mot. to Dismiss at 12 ("Plaintiff testified that she was subject to repeated and continuous sexual harassment by the individual defendants from 1999 through 2014."); *see also* Am. Compl. ¶ 241 ("Individual Defendants' conduct were numerous and various, ongoing, and continuous from 1999 through 2014 . . . ."). Absent citation to allegations in the Amended Complaint that would give rise to a plausible claim upon which the Court could grant relief, the Court disregards the argument.[3] *See* D. Conn. L. Civ. R. 7(a)(3) (providing that the Court need not "review portions

---

[3] The Court also need not consider Ms. Hubert's conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555)).

6

of the record in response to a motion, where the . . . opposition papers do not make specific reference to . . . the record"); *see, e.g.*, *Colon v. Metro-N. Commuter R.R. Co.*, No. 3:13-cv-00325 (JAM), 2018 WL 2316728, at *4 (D. Conn. May 22, 2018) (holding that, under D. Conn. L. Civ. R. 7(a)(3), the plaintiff's "vague complaints" without any citation to the record about the defendants' closing argument did not warrant a new trial).

Finally, even if Ms. Hubert's continuing violation theory is properly before the Court, and it is not, it would fail as a matter of law. Setting aside allegations with respect to Lieutenant Callender, against whom this case will proceed, *Hubert I*, 2018 WL 1582511, at *16, Ms. Hubert has alleged, for example, that Defendant Davis sent photographs of his genitals to Ms. Hubert, and shortly after that assigned her to do work in a room alone, where he followed her, turned off the lights, grabbed her from behind, and demanded that she have sex with him, in July 2012. Am. Compl. ¶ 26. Defendant Godding allegedly sent Ms. Hubert photographs of his genitals in August 2013. *Id.* ¶ 106. Defendant Curry allegedly sent Ms. Hubert photographs of his genitals in December 2013. *Id.* ¶ 122. "All of [these] claims occurred more than three years before Plaintiff[ ] filed the Complaint in this lawsuit, and . . . the statute of limitations has run."[4] *Hubert I*, 2018 WL 1582511, at *7.

"[W]here the continuing violation doctrine applies, the limitations period begins to run when the defendant has 'engaged in enough activity to make out an actionable . . . claim.'" *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). The claim is timely, however, only if the plaintiff "allege[s]

---

[4] In Connecticut, the three-year statute of limitations in Conn. Gen. Stat 52-577—which applies to tort actions—applies to a § 1983 claim. *Hubert I*, 2018 WL 1582511, at *6 (citing *Meyers v. Kishimoto*, No. 3:14-CV-535 (CSH), 2015 WL 4041438, at *11 n.15 (D. Conn. July 1, 2015)).

. . . some non-time-barred acts" contributing to the actionable claim. *Id.* (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)). Here, Ms. Hubert has failed to do so.

Perhaps even more troubling for Ms. Hubert's claims are that her allegations are against four individuals, of various rank vis-à-vis Ms. Hubert, involving incidents that took place at different times at different DOC facilities or at no DOC facility at all. The Supreme Court and the Second Circuit have made plain that the continuing violation doctrine applies "not to discrete unlawful acts, even where those discrete acts are part of a "serial violation[ ]," but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment. *Id.* at 220 (quoting *Morgan*, 536 U.S. at 114–15); *see also Affrunti v. Long Island Univ.*, 136 Fed. App'x 402, 404 (2d Cir. 2005) ("[T]he continuous-violation exception applies only where the alleged discrimination is accomplished through a specific policy or practice. . . ." (citing *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993) ("Multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation.")))); *see, e.g.*, *Morgan*, 536 U.S. at 120 (2002) (affirming the plaintiff's hostile environment claim, where the "the pre- and post-limitations period incidents involve[d] the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers" (citation omitted)). The doctrine of continuing doctrine therefore is unavailing.

Ms. Hubert thus has failed to point out data or controlling decisions overlooked by the Court in rendering its decision. *See Schrader*, 70 F.3d at 256. A motion for reconsideration "is not a vehicle for relitigating old issues . . . or otherwise taking a 'second bite at the apple,'" *King-Hardy v. Bloomfield Bd. of Educ.*, No. 3:01-cv-979 (PCD), 2002 WL 32506293, at

*1 (D. Conn. Mar. 12, 2002) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)), and the Court therefore will not reconsider the issue a second time.

**IV.    CONCLUSION**

For the reasons discussed above, the Court **VACATES** its May 10, 2018, Order, ECF No. 43, and **DENIES** the motion.

The Clerk of the Court is instructed to amend to caption include Cicero Callender as the sole defendant in this case.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of July, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE