UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARONE HUBERT,
    *Plaintiff*,

v.

CICERO CALLENDER,
    *Defendant.*

No. 3:17-cv-248 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

Sharone Hubert ("Plaintiff") moves for reconsideration of the Court's November 13, 2019 ruling and order granting summary judgment for Cicero Callender ("Defendant" or "Lt. Callender"), which dismissed her hostile work environment claim under 42 U.S.C. Section 1983.

For the following reasons, the motion for reconsideration is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Court presumes familiarity with factual background of the underlying action and summarizes the relevant procedural history.

On March 30, 2018, in another case filed by Ms. Hubert, this Court dismissed her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, 42 U.S.C. Section 1985, 42 U.S.C. Section 1986, and 42 U.S.C. Section 1988 against the State of Connecticut Department of Correction and Captain Kyle Godding, Deputy Warden Michael Davis, Correction Officer Kevin Curry, Lieutenant Derrick Austin, and Lieutenant Cicero Callender. *Hubert v. State of Conn. Dep't of Corr., et al.*, No. 3:14-cv-00476 (VAB), ECF. No. 144, March 30, 2018 ("*Hubert I*").

In a fifty-seven page ruling, the Court determined that Ms. Hubert: (1) had failed to comply with Local Rule 56(a)(2) with respect to her statement of material facts because she did

1

not offer "a single admission or denial;" *Hubert I* at 31 (citing D. Conn. L. Civ. R. 56(a)(2)); (2) lacked a viable Title VII claim against any of the individual defendants, *id.* at 34–35; (3) failed to properly exhaust many of her claims of retaliation and sexual harassment in her initial administrative complaint,[1] *id.* at 35–41; and (4) failed to raise a genuine issue of material fact as to her Title VII retaliation claim, *id.* at 50–54; and (5) lacked viable claims under Sections 1985, 1986, and 1988, *id.* at 54–57.

Before the dismissal of *Hubert I*, on February 16, 2017, Ms. Hubert filed this case. Compl., ECF No. 1 (Feb. 16, 2017). She reasserted many of the same claims as well as new ones against the Department of Corrections, along with Captain Godding, Deputy Warden Davis, Correction Officer Curry, and Lieutenant Callender. *Id.* ¶ 2 (bringing claims under 42 U.S.C. §§ 1981, 1983, and 1988). Although she tried to consolidate this lawsuit, *Hubert II*, with *Hubert I*, the Court denied that motion. Order, ECF No. 33 (Mar. 30, 2018) ("Order on Mot. to Dismiss"). The Court also proceeded to dismiss all of her claims, except the Section 1983 hostile work environment claim against Lt. Callender.[2]

On November 13, 2019, the Court granted Lt. Callender's motion for summary judgment. Ruling & Order on Mot. for Summ. J., ECF No. 77 (Nov. 13, 2019) ("Order on Mot. for Summ.

---

[1] Indeed, in that lawsuit, the Court held that "Ms. Hubert's near complete refusal to provide material information at both agency levels has effectively forestalled a full and fair airing of her allegations of sexual harassment. This reticence, even if understandable given the sensitive nature of her claims, nevertheless, is at odds with her obligation to administratively exhaust her Title VII claims and the 'concurrent obligation of good faith' participation in this administrative process before bringing suit." *Hubert I* at 46.

[2] Her other claims were dismissed for being time-barred or otherwise not viable. Order on Mot. to Dismiss at 13 ("All of the claims, except the claims against Lieutenant Callender, occurred in or before 2013. . . . All of those claims occurred more than three years before Plaintiffs filed the Complaint in this lawsuit, and so, putting aside for now the question of whether the savings provision applies in this case, the statute of limitations has run."); *see id.* at 17 ("Because the action was not commenced against the individual defendants within the statute of limitations, the savings statute, Section 52-592, therefore does not apply to extend the statute of limitations for Plaintiffs' claims to this second lawsuit."); *id.* at 20 (dismissing the Section 1981 claim against Lieutenant Callender because Ms. Hubert, employed by the Connecticut Department of Corrections, failed to allege a contractual relationship with Lieutenant Callender, as required under the U.S. Supreme Court's decision in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006)).

J."). Ms. Hubert had failed "to base her claim of a hostile work environment to acts or events occurring after February 14, 2014, the applicable statute of limitations period." Order on Mot. for Summ. J. at 14. And the incidents that did occur within the relevant period were "not severe or pervasive, nor are they continuous or concerted such that they could be deemed pervasive." *Id.* (citations omitted).

Even if Ms. Hubert had created a genuine issue of material fact with respect to her Section 1983 claim against Lieutenant Callender, the Court would have dismissed it under the doctrine of qualified immunity. Order on Mot. for Summ. J. at 18 n.1 ("Significantly, on October 6, 2014, nearly four months after Lt. Callender stopped working with Ms. Hubert, the Second Circuit held that: 'We therefore cannot say that it is clearly established law that an individual defendant has violated a plaintiff's equal protection rights if he has not personally behaved in such a way as to create an atmosphere of severe or pervasive harassment. Accordingly, absent such behavior, an individual defendant is entitled to qualified immunity.'" (quoting *Raspardo v. Carlone*, 770 F.3d 87, 115 (2d Cir. 2014))).

On November 22, 2019, Plaintiff filed a motion for reconsideration. Mot. for Recons., ECF No. 79 (Nov. 22, 2019).

On November 27, 2019, Defendant opposed the motion. Def.'s Opp'n, ECF No. 80 (Nov. 27, 2019).

On December 5, 2019, Plaintiff filed a motion to treat the motion for reconsideration *nunc pro tunc*. Mot. to Treat Motion for Recons. *Nunc Pro Tunc*, ECF No. 81 (Dec. 5, 2019) ("Second Mot.").

## II.     STANDARD OF REVIEW

A motion made under Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure is considered a motion for reconsideration. *See Krohn v. N.Y. City Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003) (nothing that a party timely filed for reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 25, 257 (2d Cir. 1995).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)) "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."); *see also Mandell v. Doloff*, No. 3:17-cv-1282 (MPS), 2018 WL 3677895, at *1 (D. Conn. Aug. 2, 2018) ("A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted) (quoting

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)).

### III. DISCUSSION

#### A. Timeliness

A motion for reconsideration must filed within seven days of the filing of the order from which such relief is sought. D. Conn. L. Civ. R. 7(c)(1). Ms. Hubert should have moved for reconsideration by November 20, 2019. "The Local Rules are not merely the hopes, dreams, or suggestions of this [C]ourt; they make up the framework within which cases are decided in this district." *Am. Lines, LLC v. CIC Ins. Co., A.V.V., S.A.*, No. 3:03-cv-1891 (JCH), 2004 WL 2381717, at *7 (D. Conn. Sept. 30, 2004).

Lt. Callender objects to Ms. Hubert's motion, filed under Local Rule 7(c), because it was filed two days after the deadline and she did not seek an extension of time. Def.'s Opp'n at 3–4.

Ms. Hubert filed her motion to treat the motion for reconsideration *nunc pro tunc* in response, stating that she "was not able to confer/review the Court's decision with counsel during the pendency of the Order on Summary Judgment until November 21, 2019." Second Mot. at 2. She subsequently filed her motion for reconsideration. *Id.*

The Court agrees with Defendant.

As Ms. Hubert's motion is late, it can be denied. *See e.g.*, *Justice v. King*, 628 F. App'x 58, 59 (2d Cir. 2016) (affirming dismissal of a *pro se* plaintiff's complaint as untimely); *Brown v. Tuttle*, No. 3:13-cv-1444 (VAB), 2015 WL 4546092, at *2 (D. Conn. July 28, 2015) (denying a motion for reconsideration as untimely); *Edwards v. Arnone*, No. 3:11-cv-1537 (AVC), 2012 WL 879235, at *1 (D. Conn. Mar. 13, 2012) (same).

### B. The Underlying Merits of the Motion

Notwithstanding its untimeliness, Ms. Hubert's motion for reconsideration fails on the merits. *See Shrader*, 70 F.3d at 257; *Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007) ("A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions." (citation omitted)).

Ms. Hubert argues that "the Court overlooked important facts proving she was discriminated against based on her sex, subjected to a hostile work environment, she was retaliated against, and she was denied a promotion based on the conduct of Defendant Callender." Mot. for Recons. at 7.

Defendant argues that Ms. Hubert "fails to identify any legal authority or evidence that was overlooked by the Court, nor does Plaintiff demonstrate that the Court committed any error, let alone clear error, and Plaintiff cannot demonstrate manifest injustice." Def.'s Opp'n at 4. In his view, Ms. Hubert presents the exact same legal arguments and fails "to identify any *facts* that the Court failed to address." *Id.* at 5 (emphasis in the original). In Lt. Callender's view, "[n]othing in Plaintiff's current Motion demonstrates that this holding was in error[.]"

The Court agrees.

First, "[i]n order to succeed on a motion for reconsideration based on newly discovered evidence, Plaintiff must present evidence that is truly newly discovered or . . . could not have been found by due diligence." *Cope v. Wal-Mart Stores East, LP*, No. 3:15-cv-1523 (CSH), 2017 WL 4542045, at *6 (D. Conn. Oct. 11, 2017) (internal quotation marks omitted) (alteration in the original) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)).

But Ms. Hubert presents no new evidence and continues to rely on the same evidence and the same arguments presented at the summary judgment stage.

Second, Ms. Hubert points to no "controlling decisions or data that the court overlooked in the initial decision or order" that would lead to a finding of clear error or manifest injustice, *see* D. Conn. L. Civ. R. 7(c), and is not even "presenting the case under new theories," but reiterating the same considered, and rejected, arguments. *Analytical Surveys, Inc.*, 684 F.3d at 52 (internal citations and quotations omitted).

Accordingly, the Court will not reconsider its earlier ruling.

## IV.    CONCLUSION

For the reasons explained above, the Court **DENIES** Ms. Hubert's motion for reconsideration.

The Clerk of Court respectfully is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of June, 2020.

                                                    /s/ Victor A. Bolden
                                                    Victor A. Bolden
                                                    United States District Judge